

A CERTIFIED TRUE COPY

JUN 16 2004

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 16 2004

FILED
CLERK'S OFFICE

DOCKET NO. 1358    04 CV 04968

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## IN RE METHYL TERTIARY BUTYL ETHER ("MTBE") PRODUCTS LIABILITY LITIGATION

SACV03-1742 JVS (ANx)

*Orange County Water District v. Unocal Corp., et al.*, C.D. California, C.A. No. 8:03-1742
*City of Riverside v. Atlantic Richfield Co., et al.*, C.D. California, C.A. No. 8:04-53
*Quincy Community Services District v. Atlantic Richfield Co., et al.*, E.D. California, C.A. No. 2:03-2582
*City of Roseville v. Atlantic Richfield Co., et al.*, E.D. California, C.A. No. 2:03-2601
*People of the State of California, et al. v. Atlantic Richfield Co., et al.*, E.D. California, C.A. No. 2:03-2653
*City of Fresno v. Chevron U.S.A., Inc., et al.*, N.D. California, C.A. No. 3:03-5378
*California-American Water Co. v. Atlantic Richfield Co., et al.*, N.D. California, C.A. No. 3:03-5379
*Martin Silver, et al. v. Alon USA Energy, Inc., et al.*, S.D. California, C.A. No. 3:03-2408
*State of New Hampshire v. Amerada Hess Corp., et al.*, D. New Hampshire, C.A. No. 1:03-486
   (Also Pending as D. Rhode Island, C.A. No. 1:03-529)

**BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, BRUCE M. SELYA,\* D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., AND KATHRYN H. VRATIL, JUDGES OF THE PANEL**

### TRANSFER ORDER

Presently before the Panel are motions by plaintiffs[1] and some defendants[2] in these nine actions pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate the Panel's order conditionally transferring the actions to the Southern District of New York for inclusion in the Section

---

\* Judges Selya and Motz did not participate in the decision of this matter.

[1] Orange County Water District; City of Riverside; Quincy Community Services District; City of Roseville; *People of the State of California* plaintiffs – the State of California and eleven municipalities, local water districts or water companies (Sacramento County Water Agency, Sacramento Groundwater Authority, Citrus Heights Water District, Del Paso Manor Water District, Fair Oaks Water District, Florin Resource Conservation District, Rio Linda Elverta Community Water District, Sacramento Suburban Water District, San Juan Water District, California-America Water Company, and City of Sacramento); California-American Water Company; the eight individuals who are plaintiffs in the Southern California *Silver* action; and State of New Hampshire.

[2] *City of Fresno*: Duke Energy Merchants, LLC; Duke Energy Trading and Marketing, LLC; Duke Energy Merchants California, Inc.; and Northridge Petroleum Marketing U.S., Inc. *Quincy*: Fuel Star, Inc., and Blue Star Petroleum, Inc.

- 2 -

1407 proceedings occurring there in this docket. A defendant[3] in two California actions joins in the motion to vacate the conditional transfer order in these actions. All other responding defendants[4] favor inclusion of all nine actions in MDL-1358 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these nine actions share questions of fact with actions in this litigation previously transferred to the Southern District of New York arising out of allegations that defendants knew about and misrepresented the nature of MTBE resulting in drinking water contamination. Transfer of these actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that any pending motions to remand to state court can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001). The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the Southern District of New York was a proper Section 1407 forum for actions involving allegations relating to MTBE contamination. *See In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation*, 2000 U.S. Dist. LEXIS 14901 (J.P.M.L. Oct. 10, 2000).

Opponents argue that the presence of individual and/or local questions of fact as well as differing legal theories in these actions should militate against inclusion of these actions in Section 1407 proceedings. We are unpersuaded by these arguments. Indeed, we point out that inclusion of these actions in Section 1407 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters; 2) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and 3) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

---

[3] 7-Eleven, Inc.

[4] Atlantic Richfield Company and BP Products North America Inc.; ExxonMobil Corporation, ExxonMobil Chemical Company Inc., ExxonMobil Corporation, ExxonMobil Oil Corporation, ExxonMobil Pipe Line Company, ExxonMobil Refining and Supply Company, and Mobil Corporation; Chevron U.S.A., Inc., Chevron Chemical Company, Chevron Texaco Corporation, Equilon Services LLC, Equilon Enterprises LLC, Equiva Enterprises LLC, Gulf Oil Corp., Motiva Enterprises LLC, Shell Oil Company, Shell Oil Products Company LLC, Shell Oil Products US, Shell Trading (US) Company, Shell Petroleum, Inc., Star Enterprises, Texaco Corporation, Texaco Inc., Texaco Refining and Marketing Inc., Texaco Refining and Marketing (East) Inc., and TRMI Holding; Valero Energy Corporation, Valero Refining Company California, Valero Marketing and Supply Company, Valero Refining and Marketing Company, Valero Refining Company Louisiana, Valero Refining Company New Jersey, Valero Refining Company Texas, and Valero-Colorado Refining Company; Crown Central Petroleum Corp.; Tesoro Refining & Marketing Co., Tesoro Petroleum Corporation, and Tesoro West Coast Crown Central Petroleum Corporation; Westport Petroleum, Inc.; ConocoPhillips Company; CITGO Petroleum Corporation; Sunoco Inc. and Sunoco Inc. (R&M); Lyondell Chemical Company f/k/a ARCO Chemical Company; Marathon Ashland Petroleum LLC and Marathon Oil Corporation; and El Paso Corporation and El Paso CGP Company.

-3-

*See In re StarLink Corn Products Liability Litigation*, 157 F.Supp.2d 1378 (J.P.M.L. 2001). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these nine actions are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shira Ann Scheindlin for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

FOR THE PANEL:

*[signature]*

Wm. Terrell Hodges
Chairman