# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ORANGE COUNTY WATER DISTRICT,<br><br>Plaintiff,<br><br>v.<br><br>UNOCAL CORPORATION, *et al.*,<br><br>Defendants. | Case No.: SACV 03-01742-CJC(ANx)<br><br>**ORDER DELINEATING TRIAL STRUCTURE AND SCHEDULE** |

This case involves protracted litigation between Plaintiff Orange County Water District and various oil and gasoline companies as Defendants. Filed originally in 2003, it was referred to multidistrict litigation in 2004 and returned to this District in March 2016. (*See* Dkt. 97 at 2–3.) Plaintiff claims that Defendants' gasoline stations released

the carcinogenic compound Methyl Tertiary Butyl Ether ("MTBE") into the groundwater it manages. (Dkt. 97 at 4.)

On May 9, 2016, the parties submitted a status report outlining each side's preferred trial structure and length. (Dkt. 97. at 10–13.) Plaintiff estimated six months of pre-trial preparation, followed by a three month trial addressing first liability and then damages. (Dkt. 97 at 10–11.) Defendants suggested twenty two months of pre-trial preparation, followed by a four month trial considering first the continuing nuisance claims and then the products liability claims. (Dkt. 97 at 11–13.)

This Court held a Scheduling Status Conference on June 13, 2016. (Dkt. 107.) Given the prohibitive nature of multi-month trials, the Court ordered the parties to confer and produce a plan whereby multiple shorter trials could take place, each focused on one plume. (Dkt. 108 at 5–6.) The Court indicated that it would consider pre-trial motions, followed by *Daubert* motions, in advance of trial. (Dkt. 108 at 10.) Parties were directed to submit briefs as to how each party proposes the case proceed. (Dkt. 108 at 23.)

The Court received those briefs on August 22, 2016. Plaintiff proposed an initial trial on Plume No. 2, which encompasses two stations operated by Exxon Mobile. (Dkt. 112.) Defendants proposed initial motion practice, followed by trial on Plume Nos. 72 and 92, each of which contains one station operated by Chevron and Exxon Mobile, respectively. (Dkt. 113 at 1.) While Plaintiff did not present to the Court a proposed timeline for motions and trial, Defendants expressed their preferences as to timing. (Dkt. 113 at 3, 6.)

Pursuant to Federal Rule of Civil Procedure 42(b), this Court has discretionary authority to, "[f]or convenience, to avoid prejudice, or to expedite and economize," order separate trial of separate claims or issues. Fed. R. Civ. P. 42(b); *see Boone v. City of Los*

*Angeles*, 522 F. App'x 402, 403 (9th Cir. 2013) ("The district court's determination on bifurcation of trials is reviewed for abuse of discretion.") (*quoting Counts v. Burlington N. R.R.*, 952 F.2d 1136, 1139 (9th Cir.1991)); *Hayden v. Chalfant Press, Inc.*, 281 F.2d 543, 545 (9th Cir. 1960) ("whether [particular] pretrial procedure should be adopted in a particular court is a matter resting in the sound discretion of the trial court").

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without an additional hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.[1]  For reasons of judicial efficiency and trial simplicity, Court has determined that **the first trial's scope will be limited to Plume No. 2**.

In advance of trial, as stated at the July hearing, (Dkt. 108 at 17), the parties will be able to file relevant dispositive motions in accordance with the following briefing and hearing schedule:

1. ALL Relevant Dispositive Motions filed **October 3, 2016**
2. Oppositions filed **October 17, 2016**
3. Replies filed **October 24, 2016**
4. Hearing on **November 4, 2016 at 1:30 p.m.**

Following resolution of those motions, if necessary, the Court will then consider a *Daubert* motion relating to Dr. Wheatcraft, according to the following schedule:

1. *Daubert* Motion as to for Dr. Wheatcraft filed **November 7, 2016**
2. Opposition filed **November 21, 2016**
3. Replies filed **November 28, 2016**
4. Hearing on **December 13, 2016**

---

[1] Accordingly, the hearing set for September 13, 2016, at 1:30 p.m. is hereby vacated and off calendar.

      Thereafter, if necessary, the Court will proceed to trial on Plume No. 2, according to the following schedule:

1. Motions in Limine filed **January 9, 2017**
    a. Oppositions filed **January 17, 2017**
    b. Replies filed **January 23, 2017**
    c. Hearing on **February 6, 2017**
2. Trial Documents (joint proposed jury instructions (in compliance with chambers policies), joint exhibit list, verdict forms, joint statement of the case) due **February 20, 2017**
3. Final Scheduling Conference on **March 6, 2017 at 9:00 a.m.**
4. Trial begins **March 21, 2017 at 8:30 a.m.**

   At the July Status Conference, the parties indicated that they will be going to mediation in October. (Dkt. 108 at 9.) The Court requested, and reiterates here, its desire to receive from the parties information as to the mediation schedule as soon as practicable.

DATED:    September 2, 2016

                                            CORMAC J. CARNEY
                                   UNITED STATES DISTRICT JUDGE