**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| **ORANGE COUNTY WATER DISTRICT,** | ) )  **Case No.: SACV 03-01742-CJC(ANx)** ) ) ) ) ) |
| **Plaintiff,** | ) **SCHEDULING ORDER** ) |
| **v.** | ) ) |
| **UNOCAL CORPORATION,** *et al.*, | ) ) ) |
| **Defendants.** | ) ) ) ) ) ) |

In light of the parties' stipulation filed February 21, 2017, (Dkt. 250), the Court issues the following Scheduling Order regarding case management and deadlines in advance of the trial in this case.

**A.  Trial**

As stated at the status conference held on February 10, 2017, trial is set to begin on **October 17, 2017, at 8:30 a.m.**

**B.  Updating Discovery**

The parties shall use the following schedule to update certain discovery items:

1.  Production of Data

The parties shall produce updated data regarding water quality and testing by **March 31, 2017**.  Included in this production, Plaintiff shall provide a complete copy of the LIMS and WRMS databases and documents related to all investigation and/or remediation that was performed by or on behalf of OCWD.  Each Defendant shall provide the results of any water quality testing conducted by it or on its behalf in electronic format such as Excel (to the extent it exists and is reasonably available) since the date of its last production of site remediation files.

2.  Production of Agency or Water Producer Correspondence

The parties shall produce all correspondence and materials related to any Focus Plume well or station submitted to or received from any federal, state, regional, or local regulator (*e.g.*, California Department of Public Health (CDPH), California Department of Toxic Substances Control, California State Water Resources Control Board, Regional Water Quality Control Board, Local Oversight Program (LOP), and Certified Unified Program Agency (CUPA)), or Water Producer regarding water quality and testing by **March 31, 2017**.

### 3.  Updated Expert Reports

By **April 5, 2017**, the parties will exchange lists of expert witnesses for whom they intend to serve updated expert reports.  The parties are to promptly meet and confer concerning the scope of updated expert discovery, and if the parties are unable to reach an agreement, they will promptly seek the assistance of the Court to resolve any disputes.

To the extent that Plaintiff wishes to update its experts' reports based on new data, such updated reports are due on **April 28, 2017**.  To the extent that any Defendant wishes to update its experts' reports, such updated defense expert reports are due on **May 30, 2017**.  If any party wishes to take the deposition of an expert regarding the content of an updated report, the parties are directed to meet and confer.  If an agreement cannot be reached, the parties may seek leave of Court for a hearing or conference to resolve the issue.

### 4.  Damages

Plaintiff is directed to update its responses to Defendants' damages interrogatories to provide all relevant information regarding damages and costs it seeks to recover at trial no later than **June 2, 2017**.  At a minimum, Plaintiff's response must include a chart detailing each item of cost, the date the cost was incurred, the amount of the cost, and a brief explanation of what the cost was for.  The response shall include all past costs Plaintiff seeks to recover and, for any stations for which future damages are available, a description of all future damages Plaintiff is seeking.  At the same time, to the extent it has not already done so, Plaintiff shall produce all documents supporting its claim for damages.  After Plaintiff has served its updated damages discovery responses, the parties shall meet and confer regarding the need for any follow-up depositions.  If the parties are not able to reach a resolution, the parties shall seek leave of the Court for a brief

conference or hearing to resolve the issue.  The purpose of the supplementation is to update damages evidence, not to assert new damages theories.

5.  Dr. Wheatcraft

By **March 31, 2017**, Plaintiff shall identify the 87 wells referenced in ¶ 27 of Dr. Wheatcraft's January 9, 2017, Declaration, (Dkt. 168-2 ("Of the 87 wells that the model predicts breakthrough at some time before the present, every single well that Friedman and Bruya sampled has tested positive with MTBE.")).

**C.  Chevron's Motion for Summary Judgment**

Pursuant to the Court's October 6, 2016, Order Denying Without Prejudice Chevron's Motion for Summary Judgment, (Dkt. 132), should Defendant Chevron wish to file a second independent motion for summary judgment, such motion shall be filed and briefed as follows:

- Motion due **May 1, 2017**
- Opposition due **June 9, 2017**
- Reply due **June 26, 2017**

The Court will hold a hearing on Chevron's motion, if necessary, at **9:00 a.m. on July 26, 2017**.

//
//
//
//

**D.  Motions in Limine**

If parties wish to join in any of the motions in limine that have already been heard by the Court, they may file brief joinders no later than **May 31, 2017**.

New motions in limine are ***strongly disfavored***.  As discussed by the Court repeatedly and at length, motions in limine should only be used to challenge narrow, discrete pieces of evidence.  They will be granted *only* in the rare instance where the evidence is *clearly* inadmissible on *all* potential grounds.  Motions in limine are not to be used as another bite at a motion to dismiss or a motion for summary judgment.  The parties are strongly encouraged to heed the Court's direction regarding motions in limine, particularly in light of the Court's denial of all fifteen of the previously filed motions that ran afoul of this Court's guidance.  Finally, the Court reminds the parties once again of its strong belief that in nearly all instances "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context."  *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400–01 (N.D. Ill. 1993).

Nevertheless, should the parties believe that additional motions in limine, unlike the prior set of fifteen, fit within this Court's parameters and expectations, have merit, and are necessary, the parties shall follow the briefing schedule set forth below:

- Motions due **June 19, 2017**
- Oppositions due **July  10, 2017**
- Replies due **July 24, 2017**

The Court will hold a hearing on any motions in limine at 3:00 p.m. on **July 31, 2017**.

**E.  Jury Qualification/Questionnaire Conference**

The Court will hold a conference for all parties at **3:00 p.m. on June 26, 2017**, for the purpose of finalizing the Jury Qualification letter and Jury Questionnaire to be sent to prospective jurors.

In advance of this conference, the parties are to meet and confer regarding the content of the Jury Questionnaire.

The parties shall submit to the Court a draft Joint Jury Questionnaire no later than **June 14, 2017**.  To the extent that the parties are not able to agree on certain questions, the parties should identify the disputed questions for the Court and provide brief statements explaining the parties' respective positions.

**F.  Jury Instructions Conference**

The Court will hold a conference at **3:00 p.m. on September 11, 2017**, for all parties for purposes of preparing the jury instructions and verdict form.  The parties are directed to meet and confer regarding jury instructions and verdict form prior to this conference and prepare a joint submission.  The parties are directed to exchange proposed jury instructions on **August 1, 2017**.  The joint submission is due **September 1, 2017**.

The joint submission shall include the following: (1) agreed upon jury instructions; (2) disputed jury instructions offered by Plaintiff; and (3) disputed jury instructions offered by Defendant(s).  To the extent that certain instructions are disputed, the parties shall provide brief statements explaining the dispute.  The joint submission shall include a brief statement of the case to be read to the jury.  The joint submission shall also

include a proposed verdict form.  If the parties are not able to agree on a verdict form, the parties may submit competing versions.

### G.  Working Session and Final Status Conference

The Court will hold a Working Session with all parties at **3:00 p.m. on September 25, 2017**, and Final Status Conference at **3:00 p.m. on October 2, 2017**.

#### 1.  Working Session

The purpose of the Working Session will be to review and resolve issues regarding the witness list and exhibit list.  In advance of this Working Session, the parties are to meet and confer and prepare the following documents:  (1) Joint Witness List; and (2) Joint Exhibit List.  These documents must be submitted to the Court no later than **September 18, 2017**.

In order to meet the September 18 deadline, the parties will use the following schedule to guide their meet and confer efforts:

- Parties shall exchange list of expert witnesses that they intend to call at trial by **August 4, 2017**.
- Parties shall exchange preliminary list of fact witnesses that they intend to call at trial and note which witnesses will be presented via deposition testimony by **August 11, 2017**.
- Parties shall exchange preliminary exhibit lists by **August 25, 2017**.

//
//

2.  Final Status Conference

The purpose of the Final Status Conference will be to resolve any remaining issues regarding trial preparation and to review and finalize deposition designations.  On **September 25, 2017**, the parties shall file a Joint Designation of Testimony To Be Presented Via Deposition.  This submission shall contain all of the parties' designations and highlight for the Court objections that the parties have not been able to resolve. In order to prepare the Final Status Conference, the parties will use the following schedule:

- Parties shall exchange deposition designations for witnesses that Plaintiff intends to offer in its case-in-chief via deposition and witnesses that Defendants anticipate they may offer in their defense via deposition by **August 18, 2017**.
- Parties shall exchange deposition counter-designations for witnesses the opposing party designates to testify via deposition by **September 8, 2017**.
- If a party designates a deposition testimony witness on an issue for which the opposing party needs to designate a rebuttal witness to testify via deposition, the opposing party shall provide deposition designations for such rebuttal witness(es) by **September 15, 2017**.
- To the extent rebuttal witness designations are made, the opposing parties shall provide rebuttal witness counter-designations by **September 20, 2017**.

DATED:     February 23, 2017

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE