SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JEFFREY J. PARKER, Cal. Bar No. 155377
jparker@sheppardmullin.com
WHITNEY JONES ROY, Cal. Bar No. 211541
wroy@sheppardmullin.com
ANDREA N. FEATHERS, Cal. Bar No. 287188
afeathers@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone: 213.620.1780
Facsimile: 213.620.1398

Attorneys for Defendants
EXXON MOBIL CORPORATION and
EXXONMOBIL OIL CORPORATION

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ORANGE COUNTY WATER DISTRICT,<br><br>    Plaintiff,<br><br>    v.<br><br>UNOCAL CORPORATION, et al.,<br><br>    Defendants. | Case No. 8:03-cv-01742 CJC (DFMx)<br><br>Assigned to: Hon. Cormac J. Carney<br><br>**OBJECTION TO PLAINTIFF'S DESIGNATION OF *SOUTH TAHOE* DEPOSITION TESTIMONY FOR ROBERT LARKINS** |

SMRH:488993312.2

Case No. SACV03-01742 CJC (DFMx)
OBJECTION TO PLAINTIFF'S DESIGNATION
OF *SOUTH TAHOE* DEPO TESTIMONY FOR ROBERT LARKINS

## Objection to Plaintiff's Use of the *South Tahoe* Testimony Instead of the *De Bene Esse* Testimony For Robert Larkins

Defendant Exxon Mobil Corporation objects to Plaintiff's Deposition Designation of the July 11, 2000, deposition of Robert P. Larkins.[1] Plaintiff has improperly designated portions of Mr. Larkins' July 11, 2000 deposition testimony, which is from his discovery deposition in a separate case involving a design defect claim (*South Tahoe Public Utility District v. Atlantic Richfield Company*), rather than from the *de bene esse* deposition taken in this case to specifically preserve Mr. Larkins' testimony for this trial. Designations from other cases should be excluded when a *de bene esse* deposition taken to specifically preserve testimony for trial is available and the plaintiff was not only aware of the preservation deposition, but also heavily participated in that deposition and had ample opportunity to conduct all necessary inquiry, including covering all matters from the discovery deposition. *See Gracia v. Lee,* 976 F.2d 1344, 1345–46 (10th Cir.1992) (affirming district court's decision to exclude discovery deposition excerpts at trial where plaintiff's counsel failed to use them at the preservation deposition, "when [defendant] would have had an opportunity to address, on videotape for the benefit of the jury, any concerns raised by his earlier testimony"); *Mazzoni v. Long Island R.R. Co.*, No. 16-CV-9366 (JLC), 2018 WL 2999906, at *2 (S.D.N.Y. June 15, 2018) (denying party's request to admit portions of a witness' discovery deposition where a *de bene esse* deposition taken to preserve testimony at trial was available and party's counsel's active participation in the *de bene esse* deposition indicated party's understanding that it was the "last opportunity" to inquire matters from the discovery deposition).

---

[1] Exxon Mobil Corporation reserves the right to serve specific objections and counter designations, if necessary, after the issue of whether the *South Tahoe* testimony may be used is resolved.

SMRH:488993312.2

-1-

Case No. SACV03-01742 CJC (DFMx)
OBJECTION TO PLAINTIFF'S DESIGNATION
OF *SOUTH TAHOE* DEPO TESTIMONY FOR ROBERT LARKINS

Typically, a *de bene esse* deposition can be taken to preserve the witness' trial testimony due to a witness' age or poor health,. *See e.g.*, *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003) (*de bene esse* deposition of a nonparty witness was ordered because the witness was elderly, lived in California, and it appeared that he "would not travel to New York" for trial); *see also AG Equip. Co. v. AIG Life Ins. Co.*, No. 07-CV-0556-CVE-PJC, 2009 WL 414046, at *3 (N.D. Okla. Feb. 18, 2009) ("When a witness is suffering from poor health and will likely be unavailable for trial, it is common for parties to take a 'preservation deposition' to memorialize the witness' trial testimony.")

In this case, by 2008 Mr. Larkins was 75 years old, lived in Texas, and was caring for his ailing wife, so Exxon Mobil Corporation determined that it would be prudent to preserve his testimony for trial in the various MTBE cases, including this one. As a result, on March 6-7, 2008, Mr. Larkins' *de bene esse* preservation deposition was taken in the federal MTBE Multidistrict Litigation ("MDL") matter in order to preserve his testimony for use at trial. Counsel for all plaintiffs in the MDL (including OCWD) were notified of the deposition and invited to attend and depose Mr. Larkins. Mr. Miller of Miller Axline & Sawyer was among those notified and invited, and he in fact attended and questioned Mr. Larkins at length in his *de bene esse* deposition (210 transcript pages).

Mr. Larkins' 18-year-old *South Tahoe* deposition was <u>not</u> a *de bene esse* deposition and the witness was not testifying as a preservation witness under the Federal Rules of Civil Procedure. The parties <u>did</u> <u>not</u> agree that the *South Tahoe* testimony could be designated in this case.[2] Additionally, any testimony from the *South Tahoe* deposition that Plaintiff's counsel wanted to use at trial should have been addressed at Mr. Larkin's *de bene esse* deposition, where Plaintiff's counsel

---

[2]   Mr. Larkins' *South Tahoe* testimony may be used for impeachment, but it may not be designated for the purpose of trial.

essentially conducted his trial examination. To admit the *South Tahoe* testimony now would be tantamount to improperly admitting additional testimony into evidence from a witness who has already testified and left the stand. *See Manley*, 337 F.3d at 247-48 (addressing and upholding district court's rationale for exclusion of a party's discovery testimony in light of available *de bene esse* testimony specifically prepared for trial). Accordingly, Exxon Mobil Corporation requests that the Court prohibit Plaintiff from using the designated portions of Mr. Larkins' *South Tahoe* deposition testimony at trial.

Dated: January 2, 2019

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                By    */s/ Whitney Jones Roy*
                      JEFFREY J. PARKER
                      WHITNEY JONES ROY
                      Attorneys for Defendants
                      EXXON MOBIL CORPORATION and EXXONMOBIL OIL CORPORATION

**PROOF OF SERVICE VIA FILE AND SERVE XPRESS**

*Orange County Water District v. Unocal Corp. et al.*

I, Laverna A. Henry, the undersigned, hereby declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action. I am employed by Sheppard, Mullin, Richter & Hampton LLP in the City of Los Angeles, State of California. My business address is 333 South Hope Street, 48th Floor, Los Angeles, California 90071. On **January 2, 2019**, I served a copy of the attached documents titled**:**

**OBJECTION TO PLAINTIFF'S DESIGNATION OF *SOUTH TAHOE* DEPOSITION TESTIMONY FOR ROBERT LARKINS**

on all parties hereto by:

Posting it directly to the File and Serve Xpress website:  www.fileandservexpress

I declare under penalty under the laws of the State of California that the foregoing is true and correct. Executed this **January 2, 2019** in Los Angeles, California.

*/S/ Laverna A. Henry*
Laverna A. Henry